**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KAYES AHMED,

Defendant-Appellant.

No. 99-1473
(D.C. No. 98-CR-456-M)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kayes Ahmed was convicted following a jury trial of two counts of making false statements to the Small Business Administration and aiding and abetting, in violation of 15 U.S.C. § 645(a) and 18 U.S.C. § 2. He was sentenced to a total of 30 months imprisonment and ordered to pay $1.5 million in restitution. Ahmed appeals his conviction, arguing that the district court failed to adequately investigate a juror's allegation of jury misconduct.

## BACKGROUND

The presentation of evidence by both parties lasted three days. After the evidence was closed, the court recessed until the following day. The next morning, the trial judge informed counsel, out of the presence of the jury, that shortly after recess the previous day one of the jurors had approached the jury clerk. The juror informed her that some of the jurors had been talking during the recesses about the case and that he was concerned about whether the jury could deliberate fairly. The judge also told counsel that that morning the same juror had informed the courtroom clerk that he thought that he knew where the jury was going.

The judge indicated to counsel that as a result he would take "an extra precaution" by, one, reminding the jury that they have a duty to rely on the recollections of all the jurors with respect to the testimony and to follow the law,

and, two, asking whether anything had occurred that would affect their ability to do so. The defense moved for a mistrial. The court denied the motion, indicating that all that was before the court was a "hearsay report from my jury clerk." Transcript at pp. 649, 651.

The court proceeded to address the jury. He reiterated their duty to deliberate with each other. *See id*. at 653. He then asked whether there was "anything that any of you have seen, heard, read or discussed with anyone in any way that would affect your ability to do your duty and decide according to the law and the evidence?" *Id*. at 654. The jury answered in the negative.

Counsel then presented closing arguments and the court instructed the jury. At the end of his instructions, the judge inquired of the jury whether "any of you are for any reason now unable to go forward with your deliberations?" *Id*. at 713.

The juror who had originally approached the court's staff indicated that he would be unable to proceed. The court excused the rest of the jury and questioned the juror. The juror indicated that he believed that the jury had already made up its mind. This opinion was based on the comments he had heard from fellow jurors made outside the courtroom. Some of these comments were about the prosecutor and the way he presented himself and the points he was trying to make. One of the jurors stated that she did not think that the trial was important. He also indicated that several derogatory comments were made about

two of the government's witnesses.  He stated that the jury was downplaying what was said by both the defense and the prosecution.

The following discussion then took place:

> THE COURT:  Well, would it be fair to say this in summary, that you are concerned that to work with these other jurors now, you think that they are oriented towards the defense?
>
> [THE JUROR]:  Correct.
>
> THE COURT:  And that they are not going to give the government a fair consideration of the evidence?  I'm not trying to put words in your mouth, but I'm trying to –
>
> [THE JUROR]:  It's well said, though.
>
> THE COURT:  Okay.  That's how you feel?
>
> [THE JUROR]:  That's how I feel.

*Id*. at 716.

The court excused the juror and substituted the alternate juror.  No objections were made by either side.  The jury then returned a guilty verdict.

## DISCUSSION

-4-

The defendant argues that the district court abused its discretion by failing to adequately investigate whether the jurors had prematurely discussed the case or prematurely deliberated. He contends this failure precluded the court from making any meaningful assessment of the nature and extent of any premature discussion or deliberation in order to determine for itself that there was no prejudice to the defendant's right to a fair trial by an impartial jury.

An allegation of intrajury misconduct may or may not warrant a hearing. *See United States v. McVeigh*, 153 F.3d 1166, 1187 (10th Cir. 1998), *cert. denied*, 119 S.Ct. 1148 (1999).

> In determining whether the allegation is sufficiently serious to warrant a hearing, the district court must consider the content of the allegations, including the seriousness and likelihood of the alleged bias, and the credibility of the source. Ultimately, the court must weigh the benefits of having a hearing, including the ability perhaps to ascertain more fully the extent and gravity of the possible prejudice, against the risks inherent in interrupting the trial and possibly placing undue emphasis on the challenged conduct.

*Id*. (citations and quotation omitted).

Here, the first time the misconduct was brought to the district court's attention, the court discounted the source of information, calling it "hearsay." However, a juror coming forward to inform the court of possible jury misconduct certainly should not be dismissed out-of-hand as mere hearsay. *See United States*

*v. McVeigh*, 153 F.3d at 1185 (source of alleged misconduct was an alternate juror reporting a conversation among the jurors to the clerk of the district court); *United States v. Abrams*, 137 F.3d 704, 705 (2d Cir.) (source of alleged misconduct was note from juror to a court clerk), *cert. denied*, 525 U.S. 821 (1998).

In addition, we are unable to determine whether the district court erred in concluding, at this point in the trial, that the allegations were not serious enough to warrant a hearing. There was insufficient information before the court regarding the content of the allegations and the seriousness and likelihood of prejudice. *See United States v. Resko*, 3 F.3d 684 (3d Cir. 1993) (holding that where the issue of premature deliberations was raised mid-trial, a two-part questionnaire distributed to the jury by the district court, which called for only yes or no answers to the questions of whether they had discussed the case with other jurors, and if they had, whether those discussions had led them to form an opinion as to the guilt or innocence of the defendants, was an inadequate basis to evaluate juror taint where all of the jurors had indicated that they had discussed the case prematurely). In fact the court here acknowledged that it did not know whether the jury was doing what it had been instructed not to do. Transcript at p. 651.

Thus, the mere giving of additional cautionary instructions by the court after it first became aware of the possible jury misconduct was not adequate to resolve the matter.

However, given the unique facts of this case, we need not decide whether the district court's actions constitute reversible error. When it seemed from the subsequent questioning of the juror that the alleged bias was against the government, the defendant failed to move for a mistrial or otherwise object. This failure constitutes a waiver of any error. *See United States v. Edwards*, 696 F.2d 1277, 1282 (11th Cir. 1983) ("the defendant cannot wait to hear the verdict before contesting the impartiality of the jury and then attack the court's refusal to investigate his allegation.").

Accordingly, the judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge